COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Senior Judges Cole and Duff


CRAIG MANUFACTURING COMPANY
AND
ROYAL INSURANCE COMPANY OF AMERICA

                                   MEMORANDUM OPINION[*]
v.   Record No. 0232-95-3              PER CURIAM
                                    NOVEMBER 21, 1995
JOSEPHINE BRADFIELD

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Richard D. Lucas; Frank K. Friedman; Woods,
            Rogers & Hazlegrove, on briefs), for appellants.

            (Richard M. Thomas; Rider, Thomas, Cleaveland,
            Ferris & Eakin, on brief), for appellee.


    Craig Manufacturing Company and its insurer (hereinafter

collectively referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that (1) Josephine

Bradfield's bilateral carpal tunnel syndrome qualifies as a

"disease" under the Workers' Compensation Act ("the Act"); and

(2) on February 23, 1994, Dr. Binnings communicated to Bradfield

that she suffered from an occupational disease.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

    The facts are not in dispute.  Beginning in July 1993,

Bradfield worked forty hours per week for employer as a presser.

 In her job, she handled, ironed, and steamed garments at the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

rate of one garment every two minutes.  Approximately two weeks before February 23, 1994, Bradfield began to experience numbness in her hands.

On February 23, 1994, Dr. Clement B. Binnings, Jr. examined Bradfield.  Dr. Binnings diagnosed an overuse syndrome related to Bradfield's work.  As a result of positive nerve conduction studies, Dr. Binnings referred Bradfield to Dr. Brian A. Torre, an orthopedic surgeon.  On March 21, 1994, Dr. Torre diagnosed carpal tunnel syndrome caused by Bradfield's work activities.  Bradfield subsequently underwent carpal tunnel release surgery.

## I.

We recently held in Perdue Farms, Inc. v. McCutchan, 21 Va. App. 65, 68, 461 S.E.2d 431, 435 (1995), that the general medical definition of carpal tunnel syndrome places it within the definition of disease set forth in Piedmont Mfg. Co. v. East, 17 Va. App. 499, 503, 438 S.E.2d 769, 772 (1993).  As in Perdue, Bradfield's condition did not present as an obvious, sudden, mechanical or structural change in her body.  Based upon our holding in Perdue and upon Dr. Torre's diagnosis, we conclude that credible evidence supports the commission's finding that Bradfield's carpal tunnel syndrome is a condition characterized as a "disease" within the meaning of the Act.

## II.

The commission held that Dr. Binnings told Bradfield on February 23, 1994 that her condition was work-related.  The

testimony of Bradfield and Dr. Binnings supports this finding. Because credible evidence demonstrates that Dr. Binnings clearly informed claimant on February 23, 1994 that she suffered from a specific condition which arose out of and in the course of her employment, we cannot say as a matter of law that the commission erred in awarding her compensation beginning on that date.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>